1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES  DISTRICT COURT**

Northern District of California

San Francisco Division

APOLLO EDUCATION GROUP, INC et al.,

                Plaintiffs,

    v.

VIVEK SOMANI,

                Defendant.

_____/

No. 3:15-cv-01056-LB

**ORDER DENYING DEFENDANT'S REQUEST FOR APPOINTMENT OF COUNSEL AND SECOND NOTICE REGARDING LEGAL HELP DESK AND *HANDBOOK FOR LITIGANTS WITHOUT A LAWYER***

### I. INTRODUCTION

On March 6, 2015, Apollo Education Group, Inc. and University of Phoenix, Inc., the plaintiffs in this case, filed a complaint against Vivek Somani, the *pro se* defendant. (Complaint, ECF No. 1.[1]) The complaint alleges: (1) trademark infringement; (2) cybersquatting; and (3) unfair competition. (*Id.*) Mr. Somani has contacted the court by letters dated May 25, 2015 and June 7, 2015. (Letters, ECF Nos. 11 & 17.) In each of these letters, Mr. Somani requests that the court appoint him counsel. (*Id.*) As the court explains below, there is generally no right to have counsel appointed in civil cases. Nor does the court find that this case presents "exceptional circumstances." The court therefore **DENIES** Mr. Somani's request at this point in the litigation.

### II. DISCUSSION

Unless a party may lose his physical liberty if he loses the case, there is generally no constitutional right to an attorney in a civil action. *See Lassiter v. Dep't of Soc. Serv. of Durham*

---

[1] Citations are to the Electronic Case File ("ECF").

*Cnty., N.C.*, 452 U.S. 18, 25 (1981); *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9ᵗʰ Cir. 1985) (citation omitted). Nonetheless, 28 U.S.C. § 1915(e)(1) permits a court to "request an attorney to represent a person who is unable to afford counsel," but only in "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9ᵗʰ Cir. 1991). To determine whether "exceptional circumstances" exist, the trial court should evaluate (1) the likelihood of the indigent party's success on the merits, and (2) the indigent party's ability to articulate his claims in light of the complexity of the legal issues involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quotations and citation omitted).

In this case, Mr. Somani contends that appointment of counsel is proper because: (1) his current monthly income is less than $1,000; (2) he is unable to defend this suit at his own cost; (3) he lives in India, and he is unfamiliar with the United States court system; and (4) without appointment of counsel, it is impossible for him to decide whether to consent to the jurisdiction of a Magistrate Judge. (ECF Nos. 11 & 17.)

While Mr. Somani has filed a Statement of Defense, which includes what may be meritorious defenses, what the Statement of Defense suggests to the court is that Mr. Somani is well able to present his claims. (ECF No. 13.) Mr. Somani's motion to dismiss and letters requesting appointment of counsel are well-written and well-organized. (ECF Nos. 11 & 17; Motion, ECF No. 14.) To the extent that Mr. Somani may require some assistance with the law and the procedures of this court, on June 4, 2015, the court notified Mr. Somani of legal resources available to him. (Notice, ECF No. 16.) The court provided Mr. Somani with contact information to the court's Legal Help Center, and also attached a copy of the Northern District's *Handbook for Litigants Without a Lawyer*. (*Id.*) The court is further advised that the Legal Help Center may contact Mr. Somani to explain its services, in which case the court encourages Mr. Somani to explore whether the Legal Help Center may be of assistance to him.

### III. CONCLUSION

Considering Mr. Somani's ability to clearly articulate his claims and the legal resources already available to Mr. Somani, the court finds that "exceptional circumstances" do not exist which would

warrant an appointment of counsel at this point. As such, Mr. Somani's request for appointment of counsel is **DENIED**.

    **IT IS SO ORDERED.**

Dated:  June 19 , 2015

_____
LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California