UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOLLO EDUCATION GROUP, INC., and UNIVERSITY OF PHOENIX, INC., <br><br> Plaintiffs, <br><br> v. <br><br> VIVEK SOMANI, <br><br> Defendant. _____/ | No. C-15-1056 EMC <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION** <br><br> **(Docket No. 14)** |

## I. INTRODUCTION

Plaintiffs Apollo Education Group and the University of Phoenix (hereafter, UOP), filed this lawsuit against Defendant Vivek Somani on March 3, 2015. Docket No. 1 (Complaint). The lawsuit alleges that Somani has infringed UOP's trademarks, engaged in unlawful cybersquatting, and performed acts of unlawful competition by, *inter alia*, "registering at least 580 domain names . . . which are identical or confusingly similar to Plaintiffs' Marks" and using websites hosted at these domains to "sell University of Phoenix course and/or assignments solutions and/or course supplements under Plaintiffs' Marks." Complaint at ¶¶ 15, 17. For instance, Somani has allegedly sold on his websites (including uophelp.com and uopcart.com) "detailed answers to specific questions [,] substantive outlines[,] lecture notes and exam questions and answers" for various UOP courses without UOP's authorization. *See id.*

Pending before the Court is Defendant Somani's *pro se* motion to dismiss this case for lack of jurisdiction. Docket No. 14. Somani's motion, which is less than two pages long, seeks dismissal on the ground that Somani is a citizen and resident of India who has "never traveled to the US." *See*

1  *id.* at 1.  Thus the Court construes the motion as one brought under Federal Rule of Civil Procedure
2  12(b)(2) for lack of personal jurisdiction.  *See* Fed. R. Civ. P. 12(b)(2).  UOP filed an opposition to
3  the motion, contending that this Court has specific jurisdiction over Somani.  Docket No. 18.
4  Somani did not file a reply brief.  For the reasons explained below, Somani's motion to dismiss is
5  **DENIED**.[1]

## II.   DISCUSSION

Despite the fact that Somani claims he has never been to the United States and is apparently a citizen and resident of India, UOP argues that this Court has specific personal jurisdiction over him pursuant to Federal Rule of Civil Procedure 4(k)(2), which is "commonly referred to as the federal long-arm statute."[2]  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006).  UOP is correct, as explained below.

A.   Federal Rule of Civil Procedure 12(b)(2)

Under Federal Rule of Civil Procedure 12(b)(2), a court must dismiss an action where it does not have personal jurisdiction over a defendant.  While the burden is on the plaintiff to demonstrate that the court has jurisdiction, "the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss."  *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (citation omitted).  The Court must accept uncontroverted allegations in the plaintiff's complaint as true, and resolve all disputed facts in favor of the plaintiff.  *Id.*  There is no evidentiary dispute here, as Somani did not file any declarations or other evidence.

B.   Federal Long-Arm Jurisdiction

"The exercise of Rule 4(k)(2) as a federal long-arm statute requires the plaintiff to prove three factors.  First, the claim against the defendant must arise under federal law.  Second, the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction.  Third, the federal court's exercise of personal jurisdiction must comport with due process."  *Pebble*

---

[1] The hearing on this motion previously set for August 20, 2015, was previously vacated. Docket No. 36.

[2] UOP also argues that personal jurisdiction is proper under California's long-arm statute, but the Court does not need to consider this argument because jurisdiction is proper under the federal long-arm statute.

*Beach*, 453 F.3d at 1159 (internal citations omitted); *see also* Fed. R. Civ. P. 4(k)(2)(A)-(B). For due process to be satisfied, "a defendant, if not present in the forum, must have 'minimum contacts' with the forum state such that the assertion of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 1155 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)). When due process is analyzed under Rule 4(k)(2), the "forum state" is the "United States as a whole instead of a particular state forum." *Id.* at 1158; *see also LiveCareer Ltd. v. Su Jia Techs. Ltd.*, No. 14-cv-3336-JST, 2015 WL 1448505, at *7 (N.D. Cal. Mar. 31, 2015) (noting that "[t]he due process analysis under Rule 4(k)(2) is nearly identical to the personal jurisdiction analysis [with respect to an individual state forum], except here the relevant forum is the entire United States") (internal quotation marks and citation omitted).

Here, the first Rule 4(k)(2) requirement is satisfied because UOP's claims arise under the federal Lanham Act and the federal Anticybersquatting Consumer Protection Act (ACPA).[3] *See Pebble Beach*, 453 F.3d at 1159 ("Here, the first factor is satisfied because Pebble Beach's claims arises under the Lanham Act."). And while UOP's California Unfair Competition Law (UCL) claim does not arise under federal law, "[u]nder the doctrine of pendent personal jurisdiction, the court may also exercise jurisdiction over the balance of [UOP's] claims, which 'arise out of a common nucleus of operative facts'" with the Lanham Act and ACPA claims. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011) (internal modifications omitted) (quoting *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180-81 (9th Cir. 2004)).

The second Rule 4(k)(2) requirement is also met – Somani alleges, and UOP does not dispute, that Somani is not subject to general personal jurisdiction in any state of the United States. *See Pebble Beach*, 453 F.3d at 1159 ("And, as established above, the second factor is satisfied as Caddy is not subject to personal jurisdiction of California, or any state court."). This leaves only the third factor to consider – due process. As the Supreme Court recently reemphasized, the Due Process Clause constrains the courts' "authority to bind a nonresident defendant to a judgment" unless the nonresident has "certain minimum contracts" with the forum. *Walden v. Fiore*, 134 S.Ct.

---

[3] Codified at 15 U.S.C. § 1125.

1115, 1121 (2014). To determine whether a nonresident defendant has sufficient contacts with the forum for the Court to assert specific jurisdiction over that defendant, the Court must "focus[] on the relationship among the defendant, the forum, and the litigation." *Id.* (internal quotation marks and citation omitted).

The Ninth Circuit "employs a three-prong test to determine whether a party has sufficient minimum contracts to be susceptible to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable."

*Brayton Purcell*, 606 F.3d at 1128 (citations omitted). UOP "bears the burden of satisfying the first two prongs." *CollegeSource*, 653 F.3d at 1076. If UOP does so, "the burden then shifts to [Somani] to set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (citing *Burger King Cor. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985). The Court will now analyze the three-prongs of the due process test to determine if Somani is subject to specific personal jurisdiction in this District for the purposes of UOP's lawsuit.

1. <u>Purposeful Direction</u>

The first prong of the due process test "is satisfied by either purposeful availment or purposeful direction." *Brayton Purcell*, 606 F.3d at 1128. "Evidence of availment is typically action taking place in the forum that invokes the benefits and protections of the laws in the forum." *Pebble Beach*, 453 F.3d at 1156. Where, as here, there is no evidence that the Defendant has been to the forum or otherwise availed himself of the benefits and protections of U.S. law, the Court conducts a purposeful direction analysis. *See id.* As the Ninth Circuit has explained, this is because purposeful direction analysis generally consists of evaluating acts "taking place outside the forum that [are] directed at the forum." *Id.*

To determine whether the purposeful direction test is met, the Court must consider whether the defendant has allegedly: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 673 (9th Cir. 2012); *see also In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 743 (9th Cir. 2013). Importantly, there is no requirement that the defendant have any physical contacts with the forum. *See Walden*, 134 S. Ct. at 1122. (citation omitted).

a. <u>Intentional Act</u>

The intentional act requirement is satisfied here. An intentional act under the purposeful direction test refers "to an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Brayton Purcell*, 606 F.3d at 1129. Thus, in *Brayton Purcell*, the Ninth Circuit held that the intentional act requirement was "easily satisfied" where the defendant "created and posted an elder law section on its website that infringed Brayton Purcell's copyright." *Id.*; *see also CollegeSource*, 653 F.3d at 1077 (intentional act element satisfied where defendant republished infringing materials "on its own websites"). Here, UOP alleges that Somani intentionally created and maintained hundreds of websites that infringe its intellectual property and otherwise contain infringing materials, and which websites are accessible (and in fact have been accessed) in the forum (*i.e.*, United States). *See, e.g.*, Complaint at ¶¶ 15-21. Thus, the intentional act requirement is satisfied.

b. <u>Expressly Aimed at the Forum State</u>

The "express aiming" requirement may be satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state, and the actual legal harm occurs in the forum. *See Walden*, 134 S. Ct. at 1123-24 (explaining that where an intentional tort actually occurred in the forum state, exercise of specific jurisdiction in that jurisdiction was appropriate); *CollegeSource*, 653 F.3d at 1077. "More directly pertinent here, 'we have held that the expressly aimed prong of the purposeful direction test can be met where a plaintiff alleges that the defendant individually targeted him by misusing his intellectual property on the defendant's website *for the purpose of competing with the plaintiff in the forum*.'"

5

*CollegeSource*, 653 F.3d at 1077 (emphasis added) (quoting *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 609 n.4 (9th Cir. 2010)); *see also Brayton Purcell*, 606 F.3d at 1129 (finding express aiming prong satisfied where Brayton Purcell alleged that "Recordon individually targeted Brayton Purcell by making commercial use of Brayton Purcell's copyrighted material for the purpose of competing with Brayton Purcell" in the forum). Or, put differently, specific jurisdiction is appropriate where the alleged torts – here trademark infringement, cybersquatting and unfair competition – actually occur in the forum state, even where the alleged tortfeasor in not physically present in that forum, but engages in the unlawful activity online. *See Walden*, 134 S. Ct. at 1123-24; *see also Calder v. Jones*, 465 U.S. 783, 788-89 (1984) (holding that California's exercise of specific jurisdiction over Florida-based newspaper publisher was appropriate because defendant's libelous article was published in California and thus defendants' intentional tort actually occurred *in* California); *LiveCareer*, 2015 WL 1448505, at *3-4. Hence, specific personal jurisdiction may obtain not merely because of the plaintiff's residence in the forum state but because defendant's injurious activity occurred within the forum state.

      Here, UOP alleges that Somani has intentionally targeted UOP in the United States by creating hundreds of interactive websites that are accessible in the United States and which infringe on UOP's marks, such as a website called uophelp.com and another called uopcart.com, *see* Complaint at ¶ 15, as well as various Facebook and Twitter groups, such as one called UoPTutorial. *See, e.g.*, Docket No. 18-3 at 25. Plaintiff has provided screenshots of various of these webpages, which viewed in the light most favorable to Plaintiff, seem to confirm that Somani has individually targeted UOP by "misusing [UOP's] intellectual property" in the forum. *CollegeSource*, 653 F.3d at 1077. For instance, Plaintiff submitted the below screenshot of a Twitter account reportedly managed by Somani that indicates that Somani is selling "[a] complete guide to all phoenix courses," to individuals located in the United States:



Docket No. 18-3 at 25 (arrows added by Court).  The following screenshot from another of Somani's apparent websites further supports UOP's claim that Somani has specifically targeted UOP by misusing UOP's intellectual property to compete with UOP in the United States.  The screenshot reproduced on the next page shows that Somani is apparently selling unauthorized "course tutorials" for various UOP courses, such as "Xbis 219"[4]:

---

[4] "Xbis 219" is how University of Phoenix refers to one of its Business Information Systems courses.  *See* http://www.phoenix.edu/courses/xbis219.html, last accessed August 12, 2015.

5



Docket No. 18-2 at 37 (arrows added by Court). Indeed, UOP's complaint alleges expressly that Somani uses these websites to compete with UOP in the United States by "sell[ing] University of Phoenix course and/or assignment solutions and/or course supplements under Plaintiffs' Marks." Complaint at ¶ 17; *see also id.* at ¶ 20 ("Defendant directly profits from selling purported course materials under Plaintiff's Marks, passing off Defendant's goods as authorized by Plaintiffs, confusing consumers as to the source of the goods, and from other infringing activity at the websites associated with each of the Infringing Domains."). Thus, the express aiming test is met here.

    c. <u>Causing Harm That the Defendant Knows is Likely to be Suffered in the Forum State</u>

  The third element of the purposeful direction test is also satisfied. UOP conducts a significant amount of business in the United States, operating numerous campuses throughout California and the United States, and selling its courses to students online who are based in the United States. *See, e.g.*, Docket No. 18-1 at 4. According to UOP, Somani's sales of "purported University of Phoenix course materials, including course outlines, lecture notes, tests and coursework that has been completed by others, including the answers to tests and solutions to problems that have been specifically designed by Plaintiffs to foster learning and grade comprehension . . . has undermined Plaintiffs' business and academic reputation, and is causing

irreparable harm." Complaint at ¶ 21. UOP alleges that these significant and allegedly irreparable harms have occurred in the United States, and presented evidence that Somani knew that he would likely cause UOP harm in the forum state. For instance, UOP presented evidence that numerous members/customers of one of Somani's allegedly infringing sites, UOPTutorial, reside in the United States. *See, e.g.*, Docket No. 18-3 at 3 (screenshot indicating that UOPTutorial is "followed" by individuals from Austin, Texas; Dallas, Texas; and Plaquemine, Louisiana); *see id.* at 11 (indicating UOPTutorial is Facebook "friends" with various individuals who claim to be current students at University of Phoenix, including one who claims to work at the San Francisco Veterans Hospital). In fact, the evidence in the record seems to indicate that Somani is exclusively targeting UOP in the United States; none of the members of Somani's various groups appear to be foreign residents, and UOP only operates physical campuses within the United States.[6] Thus, the purposeful direction test is satisfied.

2. Claim Arising Out of, or Related to, Forum Activities

Here, UOP's claims are directly related to forum activities. As noted immediately above, UOP claims that Somani is operating hundreds of websites that misuse and infringe on UOP's intellectual property in an attempt to sell unauthorized products to current and prospective UOP students in the United States. *See CollegeSource*, 653 F.3d at 1079 (noting that the second due process prong is typically satisfied where the purposeful direction test is satisfied); *see also LiveCareer*, 2015 WL 1448505, at *8 (finding second prong of due process test satisfied because "LiveCareer alleges copyright infringement and unfair competition based on RGO's websites, which are directed at the United States. But for this conduct, LiveCareer would not have suffered the alleged harm"). Thus, the second due process element is satisfied.

3. Reasonableness

"Because [UOP] has made a prima facie case that the assertion of specific jurisdiction over the defendant is constitutional . . . the burden shifts to [Somani] to 'present a compelling case' that the exercise of jurisdiction would be unreasonable and therefore violate due process."

---

[6] *See* http://www.phoenix.edu/campus-locations.html, last accessed August 12, 2015.

*CollegeSource*, 656 F.3d at 1079 (quoting *Burger King*, 471 U.S. at 477-78). Here, Somani has not attempted to make any case – let alone a "compelling" one – that the exercise of specific jurisdiction here would be unreasonable. Indeed, Somani did not even file a reply brief, and his opening motion to dismiss is less than two pages long. Somani's only argument against jurisdiction here is that he "is beyond the territorial jurisdiction of the Honourable Constitution of USA . . . and its Courts" because he lives in India. This is plainly insufficient to defeat specific jurisdiction in this forum under Federal Rule of Civil Procedure 4(k)(2). *See, e.g.*, *LiveCareer*, 2015 WL 1448505, at *8-9 (finding exertion of jurisdiction over Cypriot defendant was reasonable even though defendant had no physical contacts with the United States). Thus, Somani's motion to dismiss for lack of personal jurisdiction must be denied.

### III. CONCLUSION

Somani's motion to dismiss for lack of personal jurisdiction is denied because the Court concludes that, as alleged, he has purposefully directed his infringing and otherwise unlawful activities at UOP in the United States. Somani does not otherwise argue that jurisdiction in this particular forum would be unreasonable.

Somani shall file an answer to Plaintiffs' complaint within 14 days of the date of this order. *See* Fed. R. Civ. P. 12(a)(4)(A).

This order disposes of Docket No. 14.

IT IS SO ORDERED.

Dated: August 13, 2015

_____
EDWARD M. CHEN
United States District Judge